**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

MICHAEL THAXTON, *on behalf of*
*himself and all others similarly situated,*

       Plaintiffs,

       vs.                                         1:18-cv-00306-KWR-KK

GEICO ADVANTAGE INSURANCE COMPANY,
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,
GEICO CASUALTY COMPANY,
GEICO COUNTY MUTUAL, and
GEICO SECURE INSURANCE COMPANY,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court upon Defendants' Amended Motion to Dismiss Plaintiffs' Complaint **(Doc. 54)**.  Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' Motion to Dismiss is not well-taken and, therefore, is **DENIED.**

This putative class action arises out of a dispute over "underinsured motorist coverage." In New Mexico, underinsured motorist coverage generally consists of the difference between an insured's uninsured motorist coverage limit and a tortfeasor's liability coverage.  NMSA § 66-5-301 ("'underinsured motorist' means an operator of a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage.").

Pursuant to this statutory offset under NMSA § 66-5-301, underinsured motorist coverage at minimum limits generally does not exist. If a tortfeasor's liability limit is $25,000 and an insured's uninsured motorist coverage limit is $25,000, the insured will rarely if ever access the underinsured motorist coverage portion of his or her motorist insurance.

Nevertheless, some insurers sold this coverage to insureds. Plaintiff alleges that Defendants sold him underinsured motorist coverage but did not disclose that it had little value.

This case is now before the Court following the New Mexico Supreme Court's answer to a certified question in *Crutcher*, which asked whether (1) underinsured motorist coverage the minimum limits was illusory, and if so, (2) whether insurers could charge a premium for that illusory coverage. *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 1, 501 P.3d 433, 434. *Crutcher* held that underinsured motorist coverage at minimum limits, as in this case, is illusory in the sense that it misleads insureds into believing they are purchasing coverage when they really are not. *Id.* at ¶ 2. However, *Crutcher* noted that this coverage was statutorily authorized, and therefore the Court would not prohibit insurers from collecting premiums for minimum underinsured motorist coverage if they issued a disclosure or "exclusion."

Defendants move to dismiss all claims in this case in light of *Crutcher*. Defendants argue that Plaintiff lacks standing because he did not suffer an injury-in-fact, and alternatively, his claims fall under Fed. R. Civ. P. 12(b)(6). Defendants primarily base their motion on the belief that *Crutcher* applies prospectively as to the misrepresentation claims and grants Defendants immunity from misrepresentation claims which accrued prior to the *Crutcher* opinion.

The Court disagrees and concludes that *Crutcher* does not bar the misrepresentation claims in this case which accrued prior to the issuance of the *Crutcher* opinion.

## BACKGROUND

On August 16, 2017, Plaintiff was injured in an automobile collision with another driver. **Doc. 1 at ¶¶ 11-18.** The tortfeasor carried minimum limits of liability coverage, that is, $25,000 per person and $50,000 per occurrence. Plaintiff received the full extent of liability coverage carried by the tortfeasor, but that coverage was insufficient to fully compensate Plaintiff for his damages. **Doc. 1 at ¶ 21.** Therefore, Plaintiff alleges that the tortfeasor was an underinsured motorist at the time of the collision. **Doc. 1 at ¶ 20.**

At the time of the collision Plaintiff was insured by Defendants. He had purchased uninsured and underinsured motorist coverage in the amount of $25,000 per person and $50,000 per occurrence. He alleges he paid a premium for that coverage. ***Id.* at ¶¶ 19-20, 22, 30, 37, 40.** Plaintiff alleges that Defendants failed to inform him that a purchase of 25/50 UIM coverage, when triggered by a crash with a tortfeasor who has 25/50 bodily injury liability limits, would result in payment of a premium for which no payment of benefits would occur. ***Id.* at ¶¶ 29, 32-33, 38, 41-43.** Plaintiff also alleges that Defendants failed to inform him that New Mexico's offset law drastically diminishes payment of benefits arising from a covered occurrence under his policy. ***Id.*** Finally, Defendants allegedly misrepresented to Plaintiff that he would benefit form 25/50 UIM coverage when it knew or should nave know, pursuant to New Mexico law, that coverage was meaningless. ***Id.* at ¶¶ 26, 29, 31, 33, 38, 41-43, 62-63, 68, 79, 82**.

When Plaintiff requested that Defendants provide him with the UIM benefits for which he paid a premium, Defendants denied his claim. ***Id.* at ¶¶ 34-35, 39.**

Plaintiff subsequently filed this putative class action, asserting the following claims:

Count I:       Negligence;
Count II:      Violations of the Unfair Trade Practices Act (N.M.S.A.1978, Section 57-12-2) ("UPA");
Count III:     Violations of the Unfair Insurance Practices Act (N.M.S.A.1978, §§ 59A–16–1 *et seq.)* ("UIPA");
Count IV:      Breach of Contract and claim for Motorist Coverage

Count V:        Breach of Contract and Covenant of Good Faith and Fair Dealing;
Count VI:       Injunctive Relief;
Count VII:      Declaratory Judgment; and
Count VIII:     Punitive Damages.

**Doc. 1.** The putative class consisting of the following:

> All persons (and their heirs, executors, administrators, successors, and assigns) who, in the prior six years from the date of filing of this complaint, were a policyholder and/or insured, of a Motor Vehicle Policy issued by Defendants where that policy did not and does not provide underinsured coverage paid for by the policyholder, and sold and solicited by Defendants, due to the application of an offset as set forth in NMSA 66-5-301, otherwise known as the New Mexico offset law or being a "difference state".

**Doc. 1 at ¶ 49.**

In *Crutcher v. Liberty Mut. Ins. Co., et al.*, Case No.: 18-cv-00412-JCH-LF (D.N.M.),

United States District Judge Judith C. Herrera certified the following questions to the New

Mexico Supreme Court:

> Under N.M. Stat. Ann. § 66-5-301, is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits of $25,000 per person/$50,000 per accident illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor because of the offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, and, if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?

*Crutcher*, 2019 WL 12661166, at *4. This matter was stayed pending the New Mexico Supreme

Court's answer.  As explained below, the New Mexico Supreme Court answered this question

and Defendants moved to dismiss the claims in this case.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).   Conclusory allegations of liability, without supporting factual content, are insufficient.   "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Because this is a diversity case based on New Mexico law, this Court must ascertain and apply New Mexico law.  In doing so, the Court must either follow the decisions of the New Mexico Supreme Court, or attempt to predict what the New Mexico Supreme Court would do.  *Coll v. First Am. Title Ins. Co.,* 642 F.3d 876, 886 (10th Cir. 2011); *Federated Serv. Ins. Co. v. Martinez*, 529 F. App'x 954, 957 (10th Cir. 2013) (if no controlling state supreme court case, district court must predict how such court would rule based on intermediate appellate decisions, decisions of other states, federal decisions, and general weight and trend of authority).

## DISCUSSION

I.  ***Crutcher v. Liberty Mut. Ins. Co.*  does not mandate dismissal of the claims in this case.**

Defendants seek dismissal of all claims in this case in light of the New Mexico Supreme Court's decision in *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, 501 P.3d 433(N.M. 2022). Defendants appear to believe that *Crutcher* applies prospectively and grants them immunity from pre-*Crutcher* misrepresentation claims as to minimum limit underinsured motorist coverage. The Court disagrees and concludes that *Crutcher* does not mandate dismissal of Plaintiff's claims.   As this is the primary ground on which Defendants seek to dismiss for failure to state a claim, the Court declines to dismiss any of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).  *See* **Doc. 54 at 25-28.**

In *Crutcher*, United States District Judge Judith Herrera certified, and the New Mexico Supreme Court accepted, the following question:

> Under N.M. Stat. Ann. § 66-5-301, is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits of $25,000 per person/$50,000 per accident illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor because of the offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, and, if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?

*Crutcher v. Liberty Mutual Insurance* Company, 1:18-cv-412, Doc. 53 at 8, Certification Order to

the N.M. Supreme Ct. (D.N.M. Jan. 9, 2019) (the "certified question").

The New Mexico Supreme Court answered the question, concluding that (1) underinsured

motorist coverage at the minimum limits was illusory in the sense that it was misleading to the

average insured, but (2) insurers were permitted by statute to charge premiums for minimum limit

underinsured motorist coverage as long as limitations of the coverage were disclosed to insureds

in the form of an "exclusion."  *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 33.  "Without

this disclosure, an insurer may not charge a premium for minimum underinsurance coverage." *Id.*

at ¶2.  The *Crutcher* court concluded that "this type of policy is illusory in that it may mislead

minimum UM/UIM policy holders to believe that they will receive underinsured motorist benefits,

when in reality they may never receive such a benefit."  *Id.* at ¶ 33

In other words, *Crutcher* was consistent with this court's decision in *Schwartz v. State*

*Farm* that "merely reading the offset provision in the policy would not inform an insured that the

underinsured motorist coverage she purchased at the minimum level would in fact have little to no

value." *Schwartz*, 1:18-cv-328, 2018 WL 4148434, at *6 (D.N.M. 2018).  *Crutcher* cited to this

language and reasoned that "the average insured driver likely has limited knowledge of insurance

law and may not understand the details of the underinsurance law statute, Section 66-5-301(B),

and the *Schmick* offset rule, and therefore may not understand that by choosing to purchase only

the statutory minimum amount of UM/UIM insurance, he or she will never receive the benefit of

underinsured motorist coverage."  *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 30.

In order to get around *Crutcher*'s holding, Defendants argue that *Crutcher* applies prospectively, *i.e.,* that Plaintiff cannot assert misrepresentation claims as to minimum limit underinsured motorist coverage which accrued prior to *Crutcher*.  Defendants appear to believe that *Crutcher* grants them immunity from misrepresentation claims that arose prior to the issuance of the *Crutcher* opinion.  The Court disagrees.

New Mexico applies "a presumption that a new rule adopted by a judicial decision in a civil case will operate retroactively." *Beavers,* 118 N.M. at 398, 881 P.2d at 1383. "The presumption of retroactive application can be overcome by an express declaration, in the case announcing the new rule, that the rule is intended to operate with selective prospectivity or pure prospectivity." *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051, ¶ 26, 149 N.M. 162, 170, 245 P.3d 1214, 1222.  If the New Mexico Supreme Court does not expressly state whether a new rule is intended to operate prospectively, a lower court may determine whether the presumption of retroactive application is overcome by applying three factors. *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051, ¶ 26, 149 N.M. 162, 170, 245 P.3d 1214, 1222.

Defendants assert that certain language, including the word "hereafter" is an express statement by the New Mexico Supreme Court that it intended *Crutcher* to apply prospectively. *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 32 ("Therefore, hereafter, the insurer shall bear the burden of disclosure to the policyholder that a purchase of the statutory minimum of UM/UIM insurance may come with the counterintuitive exclusion of UIM insurance if the insured is in an accident with a tortfeasor who carries minimum liability insurance. Consistent with the purpose and intent of the UIM statute, this disclosure will allow purchasers to make a fully informed decision when selecting UM/UIM insurance coverage.").  The Court disagrees, as explained below, the New Mexico Supreme Court meant that "hereafter" it would not prohibit the

charging of premiums for minimum limit underinsured motorist coverage if the policy contained a disclosure or exclusion explaining the limited value of minimum limit underinsured motorist coverage.

The use of the word "hereafter" must be interpreted in the context of the certified question addressed by the New Mexico Supreme Court.  The certified question asked in part whether insurance companies could lawfully charge a premium for underinsured motorist coverage at the minimum limit.  The New Mexico Supreme Court answered that question in the affirmative, as long as "every insurer … adequately disclose[s] the limitations of minimum limits UM/UIM policies in the form of an exclusion in its insurance policy. If the insurer provides adequate disclosure, it may lawfully charge a premium for such coverage."  *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 33, 2021 WL 4520651.  The New Mexico Supreme Court concluded that it would not prohibit insurers from charging a premium for underinsured motorist coverage as long as an appropriate disclosure was provided.

 Read in this context, the New Mexico Supreme Court meant that, "hereafter", insurers may only charge premiums for minimum limit underinsured motorist coverage with proper disclosure. *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 2 ("We conclude that this type of policy is illusory in that it may mislead minimum UM/UIM policyholders to believe that they will receive underinsured motorist benefits, when in reality they may never receive such a benefit. We therefore **hold that an insurer must adequately disclose** the limitations of minimum UM/UIM coverage—namely, that under the policies described in this case, a policyholder may never receive underinsurance motorist coverage. **Without this disclosure, an insurer may not charge a premium for minimum underinsurance coverage**.") (emphasis added).  Therefore, the word "hereafter" was used in reference to the disclosure requirements for charging premiums for

illusory underinsured motorist coverage and did not concern misrepresentation claims which had already accrued.

Moreover, Defendants' argument ignores the reasoning of the rest of the *Crutcher* opinion. The New Mexico Supreme Court concluded that the minimum limit underinsured motorist coverage in *Crutcher* was illusory in the sense that it was misleading to the average insured. The New Mexico Supreme Court further reasoned that the statutory language which authorized the sale of minimum limit underinsured motorist coverage did not provide insurers immunity from misrepresentation claims. *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 26 ("[W]e find no merit in Defendant's argument that the language of the statute provides immunity from claims that it misrepresented the coverage available to consumers like Mr. Crutcher. Certainly, while the Legislature authorized the selling of premiums together, its intent was not to sanction the deception of those consumers in their selection of policies and coverage levels."). The *Crutcher* court also stated that "[w]e refuse to impose on the insured the obligation to be aware of and understand the consequences of New Mexico's UM/UIM statutory provisions, much less the offset rule derived by its technical language." *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 26. Defendants appear to believe that the New Mexico Supreme Court gave it immunity from misrepresentation claims as to its minimum limit underinsured motorist coverage. Such immunity would be inconsistent with the New Mexico Supreme Court's reasoning that the sale of minimum level underinsured motorist coverage was misleading to insureds and the statutory language did not provide insurers with immunity.

The Court also does not believe that the use of the word "hereafter" by itself rises to the level generally used by the New Mexico Supreme Court in announcing that a rule is prospective. Generally, New Mexico has expressly stated when a case applies prospectively and explained with

reasoned analysis why it applies prospectively.  *Rodriguez v. Brand W. Dairy*, 2016-NMSC-029, ¶ 45-51, 378 P.3d 13, 32 (analyzing whether rule should apply prospectively and examining factors); *Marckstadt v. Lockheed Martin Corp.*, 2010-NMSC-001, ¶ 30, 147 N.M. 678, 688–89, 228 P.3d 462, 472–73 (analyzing factors and applying them); *Jordan v. Allstate Ins. Co.,* 2010-NMSC-051, ¶ 29 (same).  The New Mexico Supreme Court did not do so in *Crutcher*.

Therefore, the Court finds that the New Mexico Supreme Court did not expressly state that *Crutcher* applies prospectively as to misrepresentation claims.

Moreover, the presumption of retroactivity has not been overcome. The New Mexico Supreme Court uses three factors to determine whether the presumption of retroactive application has been overcome. In considering these factors, the Court concludes the presumption of retroactive application has not been overcome as to misrepresentation claims.

Under the first factor, " 'the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed.' " *Marckstadt,* 2010–NMSC–001, ¶ 31, 147 N.M. 678, 228 P.3d 462 (quoting *Beavers,* 118 N.M. at 398, 881 P.2d at 1383). Here, the New Mexico Supreme Court clearly considered its *Crutcher* ruling as flowing from, and foreshadowed by, its ruling in *Weed Warrior. See Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 21, *citing Weed Warrior*, 2010-NMSC-050, ¶ 10, 149 N.M. 157, 245 P.3d 1209 ("[t]he injured driver, though in theory having purchased UIM coverage, would in fact have purchased only UM coverage—rendering the inclusion of 'UIM' in the statute superfluous.").  Insurers were on notice of the issues in this case.  Moreover, *Crutcher* expressly held that the plain language of the statute did not provide insurers immunity from misrepresentation claims. 2022-NMSC-001 at ¶ 26.  Finally, the New Mexico Supreme Court

10

applied well established misrepresentation law to the *Crutcher* case.  Therefore, this factor weighs in favor of retroactivity.

Second, the Court must "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Marckstadt,* 2010–NMSC–001, ¶ 31, 147 N.M. 678, 228 P.3d 462 (quoting *Beavers,* 118 N.M. at 398, 881 P.2d at 1383). For the same reasons as above, this factor weighs in favor of retroactive application.  The *Crutcher* court was clear that although minimum limit underinsured coverage was statutorily authorized, nothing in the statute authorized insurers to misrepresent the extent of underinsured motorist coverage.

Third, this Court must consider "the inequity imposed by retroactive application, for where a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Marckstadt,* 2010–NMSC–001, ¶ 31, 147 N.M. 678, 228 P.3d 462 (quoting *Beavers,* 118 N.M. at 398, 881 P.2d at 1383).  Here, retroactive application is not inequitable to insurers.  The New Mexico Supreme Court clearly believed it was inequitable for insureds to believe they purchased coverage when none was provided.  The New Mexico Supreme Court has previously forced insurers to bear the cost of retroactive rules.  For example, it has previously held that "[o]n balance, we deem it more equitable to let the financial detriments be borne by insurers, who were in a better position to ensure meaningful compliance with the law, than to let the burdens fall on non-expert insureds, who are the Legislature's intended beneficiaries."  *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051, ¶ 29, 149 N.M. 162, 171, 245 P.3d 1214, 1223.

The Court concludes that the presumption of retroactive application has not been overcome. In other words, *Crutcher* does not provide Defendants with immunity for misrepresentation claims which arose pre-*Crutcher*.

Finally, Defendants argue that they cannot be held liable for not paying underinsured motorist coverage because they are merely following the statutory offset. Defendants devote many well-reasoned pages to this argument. However, as the New Mexico Supreme Court stated, the statutory offset clearly does not provide immunity from claims that Defendants misrepresented the nature or value of underinsured motorist coverage. *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, ¶ 26, 501 P.3d 433, 439 ("We find no merit in Defendant's argument that the language of the statute provides immunity from claims that it misrepresented the coverage available to consumers like Mr. Crutcher. Certainly, while the Legislature authorized the selling of premiums together, its intent was not to sanction the deception of those consumers in their selection of policies and coverage levels.").

## II.   Court declines to dismiss case for lack of standing.

Defendants argue that the Court should dismiss the claims in this case because Plaintiff lacks standing. Defendants primarily argue that Plaintiff did not suffer an injury-in-fact, because *Crutcher*'s holding that underinsured motorist coverage at minimum limits is misleading to insureds only applies prospectively. For the reasons stated above, the Court disagrees and declines to dismiss this case.

Plaintiff "must demonstrate standing to sue by establishing (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Philadelphia Indem. Ins. Co. v. Lexington*

*Ins. Co.*, 845 F.3d 1330, 1335 (10th Cir. 2017) (internal citations and quotation marks omitted). Here, Defendants challenge the injury in fact element.

Motions to dismiss for lack of standing are "properly brought pursuant to rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007), *quoted in Hernandez v. Grisham*, 499 F. Supp. 3d 1013, 1047 (D.N.M. 2020); *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224–25 (10th Cir. 2012) ("Our court has repeatedly characterized standing as an element of subject matter jurisdiction").

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), citing *Holt v. United States,* 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citation omitted). When considering evidence outside the pleadings under Fed. R. Civ. P. 12(b)(1), the Court need not convert the motion to Rule 56, unless the standing issue is intertwined with the merits of the Plaintiff's case. *Holt*, 46 F.3d at 1003.  As discussed further below, Defendants filed this motion as a facial challenge under Fed. R. Civ. P. 12(b)(6).

The Court notes that Defendants' standing argument is limited.  Defendants primarily argue that *Crutcher* only applies prospectively, therefore, Plaintiff cannot assert a misrepresentation claim and did not suffer an injury in fact.  The Court rejects this argument, for the same reasons as stated above. *Crutcher* does not grant insurers immunity from misrepresentation claims as to minimum limit underinsured motorist coverage.

Moreover, even without *Crutcher's* holding that underinsured motorist coverage at minimum limits is illusory, cases before *Crutcher* applied established law to conclude that plaintiffs had stated plausible claims that such coverage was illusory, *i.e.*, misleading to insureds.

*See Bhasker v. Kemper Cas. Ins. Co.*, 284 F. Supp. 3d 1191, 1238 (D.N.M. 2018) (plaintiff "seems to be arguing, generally, that her UM/UIM policy did not cover what she thought it would, in which case the UIM coverage was illusory in the sense that it appeared to be something it was not. According to her Complaint, she believes her policy's UIM component is worth nothing or close to nothing. Consequently, even if the Court agreed with Financial Indemnity that the policy's UIM coverage has some value, that designation would not foreclose Bhasker's claims that Financial Indemnity misled her about what the UM/UIM policy covered."); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, No. 1:18-CV-00328-WJ-SCY, 2018 WL 4148434, at *6 (D.N.M. Aug. 30, 2018) (Johnson, C.J.) (plaintiff plausibly stated that defendant misled her as to value of underinsured motorist coverage).

Defendants also argue briefly that the putative class is broader than individuals who may have sustained a concrete injury in fact. **Doc. 54 at 11.** Defendants argue that the class definition includes people who never made a claim for underinsured motorist coverage. Plaintiff alleges that Defendants misled the putative class into paying a premium for coverage which they never had. Defendants have not cited to any case which says, in the insurance context, that this is not a concrete injury in fact. Moreover, Defendants have not examined what types of injuries are traditionally compensable under misrepresentation claims. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204, 210 L. Ed. 2d 568 (2021) ("What makes a harm concrete for purposes of Article III? As a general matter, the Court has explained that history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider.").

Moreover, Defendants filed their motion under Fed. R. Civ. P. 12(b)(6) and only facially challenge the complaint's allegations as to standing. However, Defendants also suggest that "absent evidence of record demonstrating a serious likelihood of concrete harm, this Court should

dismiss the case." **Doc. 54 at 11.**  Plaintiff pled that he and the class sustained actual damages.

**Doc. 1 at 13.**  Plaintiff alleges that he and the putative class paid a premium for coverage, and

Defendants failed to explain that the putative class would not receive a coverage for that premium.

Plaintiff states that Defendants misrepresented the coverage the putative class would receive.  The

putative class may have suffered a concrete injury because they allege that they paid for coverage

which they would never receive.  This states a plausible allegation that Plaintiff and the putative

class suffered a concrete injury in fact.  At this procedural stage the Court takes these allegations

as true and the Court declines to dismiss for lack of standing.[1]

## CONCLUSION

Plaintiff states plausible claims upon which relief can be granted and the Court declines to

dismiss any claims under Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED** that Defendants' Amended Motion to Dismiss

Plaintiffs' Complaint **(Doc. 54)** is hereby **DENIED** for reasons described in this Memorandum

Opinion and Order.

**IT IS SO ORDERED.**


_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

---

[1] This opinion does not address the standing arguments raised by Defendants in a separate motion.  *See* **Doc. 55.** Those arguments will be addressed in a separate opinion.