# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

MICHAEL THAXTON, *on behalf of*
*himself and all others similarly situated,*

        Plaintiff,

        vs.                          No. 1:18-cv-00306-KWR-KK

GEICO ADVANTAGE INSURANCE COMPANY,
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,
GEICO CASUALTY COMPANY,
GEICO CHOICE INSURANCE COMPANY,
GEICO COUNTY MUTUAL, and
GEICO SECURE INSURANCE COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant GEICO County Mutual Insurance Company's[1] Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) (**Doc. 53**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant Geico County's Motion to Dismiss is **WELL-TAKEN** and, therefore, is **GRANTED.**

## BACKGROUND

This is a putative class action involving underinsured motorist coverage. On August 16, 2017, Plaintiff was injured in an automobile collision with another driver. **Doc. 1 at ¶¶ 11-18.** The tortfeasor carried minimum limits of liability coverage, that is, $25,000 per person and

---

[1] Although named in the complaint and docket as GEICO County Mutual, Defendant asserts that it is properly named as GEICO County Mutual Insurance Company.

$50,000 per occurrence.  Plaintiff received the full extent of liability coverage carried by the tortfeasor, but that coverage was insufficient to fully compensate Plaintiff for his damages.  **Doc. 1 at ¶ 21.**  Therefore, Plaintiff alleges that the tortfeasor was an underinsured motorist at the time of the collision.  **Doc. 1 at ¶ 20.**

At the time of the collision Plaintiff was insured by one of the defendants.[2]  He had purchased uninsured and underinsured motorist coverage in the amount of $25,000 per person and $50,000 per occurrence.  He alleges he paid a premium for that coverage.  ***Id.* at ¶¶ 19-20, 22, 30, 37, 40.**  Plaintiff alleges that Defendants failed to inform him that a purchase of 25/50 UIM coverage, when triggered by a crash with a tortfeasor who has 25/50 bodily injury liability limits, would result in payment of a premium for which no payment of benefits would occur.  ***Id.* at ¶¶ 29, 32-33, 38, 41-43.**  Plaintiff also alleges that Defendants failed to inform him that New Mexico's offset law drastically diminishes payment of benefits arising from a covered occurrence under his policy.  ***Id.***  Finally, Defendants allegedly misrepresented to Plaintiff that he would benefit form 25/50 UIM coverage when it knew or should nave know, pursuant to New Mexico law, that coverage was meaningless.  ***Id.* at ¶¶ 26, 29, 31, 33, 38, 41-43, 62-63, 68, 79, 82**.

When Plaintiff requested that Defendants provide him with the UIM benefits for which he paid a premium, Defendants denied his claim. ***Id.*  at ¶¶ 34-35, 39.**

Plaintiff subsequently filed this putative class action, asserting the following claims:

| | |
|---|---|
| Count I: | Negligence; |
| Count II: | Violations of the Unfair Trade Practices Act (N.M.S.A.1978, Section 57-12-2) ("UPA"); |
| Count III: | Violations of the Unfair Insurance Practices Act (N.M.S.A.1978, §§ 59A–16–1 *et seq.)* ("UIPA"); |
| Count IV: | Breach of Contract and claim for Motorist Coverage |
| Count V: | Breach of Contract and Covenant of Good Faith and Fair Dealing; |

---

[2] Plaintiff generally refers to the Defendants together in his complaint.  It appears that GEICO Advantage Insurance Company issued the relevant policy and denied the Plaintiff's claim.  **Doc. 1 at ¶36; Doc. 1 at 25** (letter from Defendant GEICO Advantage Insurance Company denying coverage)

Count VI:      Injunctive Relief;

Count VII:     Declaratory Judgment; and

Count VIII:    Punitive Damages.

**Doc. 1.**  The putative class consisting of the following:

> All persons (and their heirs, executors, administrators, successors, and assigns) who, in the prior six years from the date of filing of this complaint, were a policyholder and/or insured, of a Motor Vehicle Policy issued by Defendants where that policy did not and does not provide underinsured coverage paid for by the policyholder, and sold and solicited by Defendants, due to the application of an offset as set forth in NMSA 66-5-301, otherwise known as the New Mexico offset law or being a "difference state".

**Doc. 1 at ¶ 49.**

## LEGAL STANDARD

This case is brought to federal court based on diversity jurisdiction, and therefore, this Court is required to apply New Mexico law.  *See Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988); *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216–17 (10th Cir. 2011) ("In a federal court diversity case, except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

"Personal jurisdiction is established by the laws of the forum state and must comport with constitutional due process."  *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012).  New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible."  *See Tercero v. Roman Cath. Diocese of Norwich*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 316, 48 P.3d 50, 54; *Fireman's Fund*, 703 F.3d at 492–93.  The personal jurisdiction analysis, therefore, concerns only whether the exercise of personal jurisdiction offends due process.

"Due process requires both that the defendant [1] 'purposefully established minimum contacts within the forum State' and [2] that the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d

895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). In other words, "the contacts with the forum State must be such that the defendant should reasonably anticipate being haled into court there." *XMission*, 955 F.3d at 839–40 (internal quotations omitted); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Yet, even if a plaintiff satisfies the minimum contacts requirement, the defendant can still defeat jurisdiction by presenting a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *See Burger King Corp.*, 471 U.S. at 477.

When personal jurisdiction is contested, the plaintiff has the burden of establishing personal jurisdiction over the defendant. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004); *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). At this stage, where a pre-trial motion to dismiss is considered by a court without an evidentiary hearing, the plaintiff "need only make a prima facie showing of personal jurisdiction to defeat the motion." *See AST Sports*, 514 F.3d at 1057. The plaintiff can satisfy this burden by "demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.* (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)). This showing is "light." *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

"If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (internal quotations omitted); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). In other words, in determining whether the requisite showing has been made, all factual disputes are resolved in the plaintiff's favor and, if uncontroverted by the defendant's affidavits, the well-pled factual allegations in the Complaint

must be taken as true. *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020). Still, "[t]he plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Wenz*, 55 F.3d at 1508 (quoting *Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)).

## DISCUSSION

Defendant GEICO County Mutual Insurance Company ("GEICO County") moves to dismiss the claims against it for lack of personal jurisdiction.

Defendant GEICO County presented evidence that it does not and has never conducted business in the state of New Mexico. **Doc. 53-1 at 3.** GEICO County does not have a registered agent in New Mexico. *Id.* It has no place of business in New Mexico and it never advertised in New Mexico. It also never sought to enter into any contract with any resident of the state of New Mexico for insurance coverage in New Mexico. **Doc. 53 at 3.** It has no employees or agents in New Mexico and does not send any agents or employees to New Mexico to solicit business. **Doc. 53-1 at 3.** Defendant GEICO County is not a subsidiary or parent company of the other defendants. GEICO County has not entered into a contract with Plaintiff, did not solicit business from the Plaintiff, and did not adjust, evaluate, investigate, or handle Plaintiff's claim in this case. *Id.* Plaintiff does not dispute these facts.

Plaintiff does not allege facts to establish that Defendant GEICO County has the requisite minimum contacts with New Mexico to confer jurisdiction. The Court concludes that Plaintiff has failed to make a *prima facie* showing which establishes personal jurisdiction over Defendant GEICO County.

Plaintiff attempts to show that this Court has personal jurisdiction over GEICO County under a joint venture theory.  The Court concludes that Plaintiff has also failed to make a *prima facie* showing under this theory.

**I.**     **Plaintiff has not made a *prima facie* showing that Defendant GEICO County is in a joint venture with other Defendants sufficient to establish personal jurisdiction.**

Plaintiff does not attempt to show that Defendant GEICO County independently has sufficient minimum contacts with New Mexico to establish personal jurisdiction.  Rather, Plaintiff asserts that the Court has personal jurisdiction over Defendant GEICO County because GEICO County is part of a joint venture with other GEICO Defendants which "operate" in New Mexico. Plaintiff asserts that under a joint venture theory "the minimum contacts of one joint venturer are attributable to the other joint venturers such that personal jurisdiction over one means personal jurisdiction over the other joint venturers."  *Certain Underwriters at Lloyd's, London v. Garmin Int'l Inc.,* 2012 WL 1158849, at *4 (D. Kan. Apr. 6, 2012).  He asserts that "[a] party may establish minimum contacts using agency theory, such as joint venture."  *Luxton v. Leja,* 2016 WL 4997885, at *4 (N.D. Okla. 2016).

The Court concludes that even assuming a joint venture could establish personal jurisdiction over a defendant, Plaintiff has failed to make a *prima facie* showing of a joint venture.

New Mexico permits the exercise of personal jurisdiction based on an agency theory.  *See Campos Enterprises, Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 18, 125 N.M. 691, 698, 964 P.2d 855, 862.  For example, "a principal may be subject to the jurisdiction of the court because of the activities of its agent within the forum state, but this agency theory applies only when the agent's acts are committed in the course of or within the scope of the agent's employment."  *Fireman's Fund*, 703 F.3d at 493–94 (internal quotations omitted).  One such

agency relationship is a joint venture.  *See, e.g.*, *McAleer v. Smith*, 728 F. Supp. 857, 861 (D.R.I. 1990) ("As with partnerships, a mutual agency exists among joint venturers.").

"Some courts have held that the actions of an agent, such as a partner, can confer personal jurisdiction over a partnership or joint venture."  *Accord Fireman's Fund*, 703 F.3d at 493.  The "joint venture theory" provides that "the minimum contacts of one co-venturer are attributable to other co-venturers such that personal jurisdiction over one means personal jurisdiction over all." *Hill v. Shell Oil Co.*, 149 F. Supp. 2d 416, 418 (N.D. Ill. 2001).  In other words, "whenever one co-venturer acts in the forum to further the interests of the venture, his contacts with the same will, for purposes of personal jurisdiction, also be attributed to his co-venturers."  *See Aigner v. Bell Helicopters, Inc.*, 86 F.R.D. 532, 540 (N.D. Ill. 1980).  "Consequently, when the related activities of one co-venturer in the forum are sufficient to sustain the exercise of jurisdiction, personal jurisdiction ordinarily will lie as to all of the co-participants in the venture."  *Id.*  Thus, "[t]he continuous and systematic conduct of one joint venturer may be imputed to his or her cohorts for jurisdictional purposes."  *McAleer*, 728 F. Supp. at 861.

Under New Mexico law, "a joint venture is generally considered to be a partnership for a single transaction."  *See Lightsey v. Marshall*, 1999-NMCA-147, ¶ 18, 128 N.M. 353, 357, 992 P.2d 904, 908 (internal quotations omitted).  "A joint venture is formed when the parties agree to combine their money, property or time for conducting a particular business venture and agree to share jointly in profits and losses, with the right of mutual control over the business enterprise or over the property."  *Quirico v. Lopez*, 1987-NMSC-070, ¶ 9, 106 N.M. 169, 170, 740 P.2d 1153, 1155.  Whether a joint venture exists is a question of the intent of the parties.  The parties' intent may be inferred from the parties' "acts in connection with the entire transaction."  *Id.*

Plaintiff asserts that "[a] joint venture exists when two or more parties (1) enter into an agreement, (2) to combine their money, property or time in the conduct of some particular business deal, (3) agree to share in the profits and losses of the venture jointly, and (4) have the right of mutual control over the subject matter of the enterprise or over the property." *Wilger Enterprises, Inc. v. Broadway Vista Partners,* 2005-NMCA-088, ¶10, 115 P.3d 822.

Plaintiff has not set forth facts or allegations which satisfy these elements. Plaintiff alleges that Defendants worked together as a joint venture to sell automobile policies to New Mexico residents. **Doc. 1 at 1.** This allegation is conclusory, and Plaintiff does not support that joint venture theory with any factual allegations in his complaint.

Moreover, in his response to the motion to dismiss, Plaintiff points to certain representations on a GEICO website to support a theory that a joint venture exists between GEICO County and the other GEICO defendants. He asserts that:

- GEICO County is listed as an affiliated company;

- according to a "States of Operation" page, each Geico company *aside from GEICO County* operates in the State of New Mexico;

- GEICO County is not delineated in GEICO's corporate statistics;

- GEICO does not delineate GEICO County when talking about its financial strength.

*See* **Doc. 59 at 3.** Plaintiff also asserts that the GEICO defendants have the same attorney in this case. These assertions are insufficient to make a *prima facie* showing of personal jurisdiction, or a showing that the joint venture elements have been satisfied. Plaintiff has not shown that the parties entered into an agreement to combine their money, property, or time to conduct business. Plaintiff has only shown that GEICO County is an affiliate of other GEICO defendants. A parent-subsidiary relationship or affiliation is not sufficient, by itself, to create a joint venture. *Wirth v.*

*Sun Healthcare Grp., Inc.*, 2017-NMCA-007, 36-37, 389 P.3d 295, 304-05.  Plaintiff has also not offered evidence that GEICO County has a right of mutual control over the Defendants' business or insurance activities.

Therefore, Plaintiff's joint venture theory fails.

## II.   <u>**Plaintiff has not shown he is entitled to jurisdictional discovery**</u>.

Plaintiff summarily requests jurisdictional discovery to establish the Court's personal jurisdiction over Defendant GEICO County and "the nature of the GEICO Defendants' corporate and financial relationships."  **Doc. 59 at 9.**  The Court finds that Plaintiff has not met his burden for requesting jurisdictional discovery.

Generally, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975).  However, whether to grant jurisdictional discovery is a matter of discretion for the district court.  *Id*.  While jurisdictional discovery motions are liberally granted, "[t]he burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—is on the party seeking the discovery." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (internal alterations omitted) (quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010)).  Jurisdictional discovery is not appropriate where there is only a "low probability" that additional discovery would lead to facts sufficient to support a finding of personal jurisdiction over the defendant.  *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004); *Grynberg*, 490 F. App'x at 103.

Here, Plaintiff does not request any specific discovery.  His request for discovery is conclusory.  *See* **Doc. 59 at 9.**  Plaintiff has not established a basis for jurisdictional discovery, and

the Court finds that Plaintiff's request for discovery is speculative and a mere fishing expedition. Plaintiff has not specifically identified what facts, financial relationships, or documents he seeks to uncover. *See Breakthrough Mgmt.*, 629 F.3d at 1190 (affirming the district court's denial where the plaintiff's "conclusory assertion that jurisdictional discovery was necessary seems almost like an attempt to 'use discovery as a fishing expedition' rather than to obtain needed documents to defeat" the motion to dismiss).  While Plaintiff has proffered information about the purported corporate relationships of the GEICO entities, affiliation between companies is not sufficient by itself to establish a joint venture.  Thus, there is little probability that discovery would support a finding of personal jurisdiction over Defendant GEICO County.  Accordingly, the Court will deny Plaintiff's request for discovery.

## III.    **Court declines to address Defendant GEICO County's sanctions request.**

GEICO County requests sanctions in the form of attorney fees and costs for having to file its motion to dismiss and the reply.  The Court will not address this argument because it was raised for the first time in a reply brief.  Alternatively, Defendant has not shown that it is entitled to recover attorneys' fees and costs as a sanction.  *See* **Doc. 68 at 6-7.**

### CONCLUSION

The Court finds that Plaintiff has failed to make a *prima facie* showing that this Court has personal jurisdiction over Defendant GEICO County.  Plaintiff has failed to make a *prima facie* showing establishing the requisite minimum contacts with New Mexico to confer personal jurisdiction, and it has failed to show that a joint venture existed between Defendant GEICO County and other Defendants.

**IT IS THEREFORE ORDERED** that Defendant GEICO County's Motion to Dismiss Plaintiff's Complaint **(Doc. 53)** is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order; and

**IT IS FURTHER ORDERED** that Defendant GEICO County Mutual Insurance Company is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**