# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

MICHAEL THAXTON, *on behalf of*
*himself and all others similarly situated,*

        Plaintiff,

        vs.                             No. 1:18-cv-00306-KWR-KK

GEICO ADVANTAGE INSURANCE COMPANY,
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,
GEICO CASUALTY COMPANY,
GEICO CHOICE INSURANCE COMPANY,
GEICO COUNTY MUTUAL, and
GEICO SECURE INSURANCE COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (**Doc. 55**) filed by Government Employees Insurance Company, Geico General Insurance Company, Geico Indemnity Company, Geico Casualty Company, Geico Choice Insurance Company, Geico County Mutual, and Geico Secure Insurance Company. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' Motion to Dismiss is well-taken and, therefore, is **GRANTED**. As explained below, Plaintiff lacks Article III standing as to the claims asserted against seven out of eight Defendants – *i.e.*, all aside from GEICO Advantage Insurance Company. The claims against these defendants are dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

This is a putative class action involving underinsured motorist coverage. On August 16, 2017, Plaintiff was injured in an automobile collision with another driver. **Doc. 1 at ¶¶ 11-18.** The tortfeasor carried minimum limits of liability coverage, that is, $25,000 per person and $50,000 per occurrence. Plaintiff received the full extent of liability coverage carried by the tortfeasor, but that coverage was insufficient to fully compensate Plaintiff for his damages. **Doc. 1 at ¶ 21.** Therefore, Plaintiff alleges that the tortfeasor was an underinsured motorist at the time of the collision. **Doc. 1 at ¶ 20.**

At the time of the collision Plaintiff was insured by one of the defendants.[1] He had purchased uninsured and underinsured motorist coverage in the amount of $25,000 per person and $50,000 per occurrence. He alleges he paid a premium for that coverage. ***Id.* at ¶¶ 19-20, 22, 30, 37, 40.** Plaintiff alleges that Defendants failed to inform him that a purchase of 25/50 UIM coverage, when triggered by a crash with a tortfeasor who has 25/50 bodily injury liability limits, would result in payment of a premium for which no payment of benefits would occur. ***Id.* at ¶¶ 29, 32-33, 38, 41-43.** Plaintiff also alleges that Defendants failed to inform him that New Mexico's offset law drastically diminishes payment of benefits arising from a covered occurrence under his policy. ***Id.*** Finally, Defendants allegedly misrepresented to Plaintiff that he would benefit form 25/50 UIM coverage when it knew or should nave know, pursuant to New Mexico law, that coverage was meaningless. ***Id.* at ¶¶ 26, 29, 31, 33, 38, 41-43, 62-63, 68, 79, 82**.

When Plaintiff requested that Defendant GEICO Advantage provide him with the UIM benefits for which he paid a premium, Defendant GEICO Advantage denied his claim. ***Id.* at ¶¶ 34-35, 39.**

---

[1] Plaintiff generally refers to the Defendants together in his complaint. It appears that GEICO Advantage Insurance Company issued the relevant policy and denied the Plaintiff's claim. **Doc. 1 at ¶36; Doc. 1 at 25** (letter from Defendant GEICO Advantage Insurance Company denying coverage)

Plaintiff subsequently filed this putative class action, asserting the following claims:

| | |
|---|---|
| Count I: | Negligence; |
| Count II: | Violations of the Unfair Trade Practices Act (N.M.S.A.1978, Section 57-12-2) ("UPA"); |
| Count III: | Violations of the Unfair Insurance Practices Act (N.M.S.A.1978, §§ 59A–16–1 *et seq.)* ("UIPA"); |
| Count IV: | Breach of Contract and claim for Motorist Coverage |
| Count V: | Breach of Contract and Covenant of Good Faith and Fair Dealing; |
| Count VI: | Injunctive Relief; |
| Count VII: | Declaratory Judgment; and |
| Count VIII: | Punitive Damages. |

**Doc. 1.** The putative class consisting of the following:

All persons (and their heirs, executors, administrators, successors, and assigns) who, in the prior six years from the date of filing of this complaint, were a policyholder and/or insured, of a Motor Vehicle Policy issued by Defendants where that policy did not and does not provide underinsured coverage paid for by the policyholder, and sold and solicited by Defendants, due to the application of an offset as set forth in NMSA 66-5-301, otherwise known as the New Mexico offset law or being a "difference state".

**Doc. 1 at ¶ 49.**

### DISCUSSION

Seven out of eight defendants in this case move to dismiss the claims against them, asserting that Plaintiff lacks Article III standing. They assert that Plaintiff lacks Article III standing because they did not insure Plaintiff and did not deny Plaintiff's claim for underinsured motorist coverage. Plaintiff asserts that he has standing to assert claims against these non-insuring Defendants, because they were part of a joint venture with his insurer, Defendant GEICO Advantage. The Court concludes that Plaintiff has failed to show that the seven non-insuring Defendants were part of a joint venture with Defendant GEICO Advantage, and therefore Plaintiff has failed to establish Article III standing. Because Article III standing is a jurisdictional issue, the Court dismisses the claims against the non-insuring Defendants for lack of subject matter jurisdiction.

I.      **Plaintiff does not have Article III standing as to the seven non-insuring Defendants.**

  The seven non-insuring Defendants assert that Plaintiff failed to show he has standing under Article III.  The Court agrees and concludes that Plaintiff failed to show (1) an injury in fact or (2) causation, and therefore failed to establish standing.

  Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2, cl. 1; *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). The case or controversy limitation requires that a plaintiff have standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992).  A plaintiff bears the burden of establishing the elements of standing.  *Defenders of Wildlife*, 504 U.S. at 559–61. A plaintiff has standing when (1) he has suffered an injury in fact, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable judicial decision.  *Defenders of Wildlife*, 504 U.S. at 559–61.

  An "injury in fact" is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent, not conjectural or hypothetical.  *Id.*  These three elements of standing are "an indispensable part of the plaintiff's case," and thus the plaintiff must support each element "with the manner and degree of evidence required at the successive stages of the litigation."  *Id.*  Because injury-in-fact is a constitutional requirement, Congress "cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547–48 (2016) (citations omitted) ("Article III standing requires a concrete injury even in the context of a statutory violation").

The non-insuring Defendants move to dismiss Plaintiff's claims against them under Rule 12(b)(1). Standing to sue is a jurisdictional issue properly raised by a Rule 12(b)(1) motion. *See Wilderness Society v. Kane Cty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (*en banc); see also Colorado Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. United States Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)).

The non-insuring Defendants raise both facial and factual challenges. In addressing a factual challenge, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow ... other documents ... to resolve the disputed jurisdictional facts under Rule 12(b)(1)." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001).

Neither party requests that the Court convert this matter to summary judgment under Fed. R. Civ. P. 56.

Plaintiff alleges that he had an insurance policy with GEICO Advantage. **Doc. 1 at ¶36** (alleging that policy was issued by GEICO Advantage). Plaintiff's claim was investigated and denied by GEICO Advantage. **Doc. 1 at 25** (Plaintiff attached a letter to his compliant from Defendant GEICO Advantage Insurance Company denying coverage). Plaintiff does not allege any specific actions taken by the non-insuring Defendants which allegedly harmed him. Therefore, the Court concludes that Plaintiff has failed to show that he suffered any injury in fact due to the actions of the non-insuring Defendants.

Similarly, Plaintiff has failed to show that any injury was caused by or traceable to the non-insuring Defendants.  There is no allegation or factual assertion that Plaintiff was injured by any act of the non-insuring Defendants.

Therefore, Plaintiff has failed to establish the (1) injury in fact or (2) causation elements of standing as to the seven non-insuring Defendants.

Plaintiff argues that New Mexico insureds have standing to bring suit against insurance companies which did not issue the insureds' policies. **Doc. 61 at 9.**  Plaintiff cites to *Dellaira v. Farmers Ins. Exch.*, 2004-NMCA-132, 136 N.M. 552 for the proposition that New Mexico insureds have standing to bring suit against insurance companies which did not issue an insured's policy. In that case, however, the non-insuring defendant insurance company "handled, administered, and adjusted all claims." *Id.* at ¶ 1. The New Mexico Court of Appeals concluded that the claim could be pursued where the non-insuring defendant "has control over and makes the ultimate determination regarding the merits of an insured's claim." *Id.* at ¶ 14.  Here, there is no allegation or evidence that the non-insuring Defendants had control over Plaintiff's claim, adjusted the claim, or denied the claim. Therefore, *Dellaira* is not on point with this case.

Plaintiff also cites to some out of state cases.  These cases are similarly inapposite.  *See Oliver v. Farmers Ins. Group of Companies*, 941 P.2d 985, 986 (Okla. 1997) (evidence showed that management company supervised and managed contracting insurer and exercised control); *Sparks v. Republic Nat. Life Ins. Co.,* 647 P.2d 1127, 1130 (Ariz. 1982) (defendants underwrote or administered claim).  Here, Plaintiff has not shown that the non-insuring Defendants exercised control over Defendant GEICO Advantage or administered Plaintiff's claim.

II.     **Plaintiff has not established that Defendant GEICO Advantage is in a joint venture with the non-insuring Defendants.**

Plaintiff argues that he nevertheless has Article III standing to sue the non-insuring Defendants because they were part of a joint venture with Defendant GEICO Advantage. Even assuming a joint venture could establish Plaintiff's Article III standing, the Court concludes that Plaintiff has failed to show a joint venture existed between Defendant GEICO Advantage and the non-insuring Defendants.

Under New Mexico law, "a joint venture is generally considered to be a partnership for a single transaction." *See Lightsey v. Marshall*, 1999-NMCA-147, ¶ 18, 128 N.M. 353, 357, 992 P.2d 904, 908 (internal quotations omitted). "A joint venture is formed when the parties agree to combine their money, property or time for conducting a particular business venture and agree to share jointly in profits and losses, with the right of mutual control over the business enterprise or over the property." *Quirico v. Lopez*, 1987-NMSC-070, ¶ 9, 106 N.M. 169, 170, 740 P.2d 1153, 1155. Whether a joint venture exists is a question of the intent of the parties. The parties' intent may be inferred from the parties' "acts in connection with the entire transaction." *Id.*

Plaintiff asserts that "[a] joint venture exists when two or more parties (1) enter into an agreement, (2) to combine their money, property or time in the conduct of some particular business deal, (3) agree to share in the profits and losses of the venture jointly, and (4) have the right of mutual control over the subject matter of the enterprise or over the property." *Wilger Enterprises, Inc. v. Broadway Vista Partners,* 2005-NMCA-088, ¶10, 115 P.3d 822.

As noted above, Defendants appear to assert both a (1) facial attack and (2) factual attack under Fed. R. Civ. P. 12(b)(1). Plaintiff has not set forth facts or allegations which satisfy the joint venture elements under either a facial or factual attack. Plaintiff alleges that Defendants worked together as a joint venture to sell automobile policies to New Mexico residents. **Doc. 1 at 1.** This allegation is conclusory, and Plaintiff does not support that joint venture theory with any factual

allegations in his complaint.  Therefore, Plaintiff has failed to allege facts to plausibly state a claim for joint venture.

Moreover, Plaintiff does not satisfy his burden under a factual attack.  In his response to the motion to dismiss, Plaintiff points to certain representations on a GEICO website to support a theory that a joint venture exists between GEICO Advantage and the other GEICO defendants.  He asserts that:

- GEICO Advantage is listed as an affiliated company of the non-insuring Defendants;

- GEICO appears to aggregate statistics from various GEICO entities on its website;

- Ruben Garay is a custodian of records for both GEICO and GEICO Advantage (**Doc. 55-1 at 3**);[2] and

- The Defendants share the same attorney in this case.

*See* **Doc. 61 at 6-8.**

These factual assertions are insufficient to establish standing or establish that the joint venture elements have been satisfied.  Plaintiff has not shown that the parties entered into an agreement to combine their money, property, or time to conduct a particular business deal. He has also not shown that the non-insuring Defendants agreed to share in profits *and* losses of the venture jointly.  Merely sharing profits is generally not sufficient to establish a joint venture.  *Wirth v. Sun Healthcare Grp., Inc.*, 2017-NMCA-007, 36-37, 389 P.3d 295, 304-05.  Plaintiff has shown that GEICO Advantage is an affiliate of the non-insuring defendants.  However, a parent-subsidiary relationship or affiliation is not sufficient, by itself, to create a joint venture.  *Wirth v. Sun Healthcare Grp., Inc.*, 2017-NMCA-007, 36-37, 389 P.3d 295, 304-05.  Plaintiff has also not

---

[2] Plaintiff also points to the affidavit of Daniel Beacom for the similar proposition that Mr. Beacom is an employee of multiple GEICO entities.  However, his declaration only states that he is a Regional Vice President and Registered Agent for service of process for GEICO County Mutual Insurance Company.  *See* **Doc. 53-1 at 1.**  His declaration does not state that he is an employee or agent of other GEICO entities as well.  *See* Doc. 53-1.

offered evidence that GEICO Advantage has a right of mutual control over the non-insuring Defendants' business or insurance activities.

Therefore, Plaintiff's joint venture theory fails, and Plaintiff fails to establish standing as to the non-insuring Defendants.

**III.**   **Plaintiff has not shown he is entitled to jurisdictional discovery or leave to amend.**

In the conclusion to his response, Plaintiff summarily requests that the Court (1) grant leave to obtain jurisdictional discovery or (2) grant leave to amend, if the Court considers dismissing the non-insuring Defendants for lack of standing.  *See* **Doc. 61 at 16.**  Plaintiff did not specify what he would seek in discovery or attach a proposed amended complaint to his response.  The Court concludes that Plaintiff has not met his burden for obtaining jurisdictional discovery or obtaining leave to amend.

Generally, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975).  However, whether to grant jurisdictional discovery is a matter of discretion for the district court.  *Id.*  While jurisdictional discovery motions are liberally granted, "[t]he burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—is on the party seeking the discovery." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (internal alterations omitted) (quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010)).  Jurisdictional discovery is not appropriate where there is only a "low probability" that additional discovery would lead to facts sufficient to support jurisdiction.  *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004); *Grynberg*, 490 F. App'x at 103. Moreover, a request for jurisdictional discovery must

be supported by more than a mere "hunch that it might yield jurisdictionally relevant facts." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1190 (10th Cir. 2010) ("Indeed, BMG's conclusory assertion that jurisdictional discovery was necessary seems almost like an attempt to use discovery as a fishing expedition rather than to obtain needed documents") (internal quotation marks omitted).

Here, Plaintiff does not request any specific discovery.  His request for discovery consists of a one conclusory sentence. *See* **Doc. 61 at 16.**  Plaintiff has not established a basis for jurisdictional discovery, and the Court finds that Plaintiff's request for discovery is speculative and a mere fishing expedition.  Plaintiff has not specifically identified what facts or documents he seeks to uncover.  *See Breakthrough Mgmt.*, 629 F.3d at 1190 (affirming the district court's denial where the plaintiff's "conclusory assertion that jurisdictional discovery was necessary seems almost like an attempt to 'use discovery as a fishing expedition' rather than to obtain needed documents to defeat" the motion to dismiss).  While Plaintiff has proffered information about the purported corporate relationships of the GEICO entities, affiliation between companies is not sufficient by itself to establish a joint venture.  Accordingly, the Court will deny Plaintiff's request for discovery.

Moreover, the Court will also deny Plaintiff's request for leave to amend his complaint. *See* **Doc. 61 at 16.**  He summarily requests that the Court grant leave to amend in lieu of dismissal. However, he does not indicate what amendments he would make or attach a proposed amended complaint.  Therefore, the Court cannot tell whether amendment would be appropriate.  Local civil rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1.  The Tenth Circuit has also held that it is not arbitrary or capricious for the Court to deny a request for leave to amend that consisted of a one-line sentence in a response

to a motion to dismiss. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."). Therefore, the Court declines to grant Plaintiff's request for leave to amend.

## CONCLUSION

The Court finds that Plaintiff has failed to establish Article III standing as to the seven non-insuring Defendants, that is, all Defendants except for GEICO Advantage. The Court therefore dismisses these seven non-insuring Defendants without prejudice for lack of subject matter jurisdiction. GEICO Advantage remains as a defendant in this case.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) **(Doc. 55)** is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order; and

**IT IS FURTHER ORDERED** that the following non-insuring Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction:

- Government Employees Insurance Company;

- GEICO General Insurance Company;

- GEICO Indemnity Company;

- GEICO Casualty Company;

- GEICO Choice Insurance Company;

- GEICO County Mutual[3]; and

- GEICO Secure Insurance Company.

---

[3] GEICO County has already been dismissed for lack of personal jurisdiction. As an alternative ground, GEICO County may also be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**